UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| M.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 24-10371-FDS |
| ) | |
| MARTIN J. O'MALLEY, Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

**SAYLOR, C.J.**

This is a proceeding seeking review of a denial of social-security benefits. Since 2004, plaintiff M.A. has sought an award of supplemental security income based on disability. The Social Security Administration ("SSA") has repeatedly denied his applications, and its decisions have been reviewed and upheld by multiple federal courts. In December 2023, the SSA Appeals Council denied M.A.'s request to reopen its unfavorable 2014 decision that he did not qualify for benefits. He now seeks judicial review of that denial. For the following reasons, the action will be dismissed for lack of subject-matter jurisdiction.

**I.     Background**

The following facts are drawn from the complaint, documents referred to in the complaint, and official public records.

M.A. first applied for supplemental security income from the SSA in January 2004. That request was denied by an administrative law judge ("ALJ"), and then by the SSA Appeals Council. The U.S. District Court for the Southern District of Florida, and later the Eleventh

Circuit, affirmed that decision. *Arrington v. Soc. Sec. Admin.*, 358 F. App'x 89 (11th Cir. 2009).

Plaintiff filed a new application for benefits in 2010. After several hearings and reviews by the Appeals Council, an ALJ ultimately denied that application in June 2014. The Appeals Council later upheld the ALJ's decision. Plaintiff then sought review in this court. In November 2016, the court dismissed that appeal after a thorough review of the record, finding that the SSA's denial of benefits was based on substantial evidence. *Arrington v. Colvin*, 216 F. Supp. 3d 217, 223 (D. Mass. 2016). The First Circuit affirmed the court's decision in February 2018. *Arrington v. Berryhill*, 2018 WL 818044 (1st Cir. Feb. 5, 2018).

In November 2023, plaintiff requested that the SSA Appeals Council reopen the unfavorable 2014 ALJ decision pursuant to 20 C.F.R. § 404.987(b). The Appeals Council denied that request because it found no reason to do so under its rules. (Compl. Attach. 1). Plaintiff now seeks judicial review of that rejection.

**II.    Legal Standard**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A plaintiff in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction. *See Gordo-González v. United States*, 873 F.3d 32, 35 (1st Cir. 2017). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004); *In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire *sua sponte* into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

In conducting that review, the Court must liberally construe the petition because M.A. is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even granting that liberal construction, however, the action is subject to dismissal.

**III.     Analysis**

Under 42 U.S.C. § 405(g), an individual may only seek judicial review of a "final decision of the Commissioner of Social Security." *See* 42 U.S.C. § 405(g).  Section 405(h) provides that § 405(g) is the sole avenue to judicial review under the Social Security Act. *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or government agency except as herein provided.").

What constitutes a "final decision" is defined by agency regulations rather than statutory text. *See Weinberger v. Salfi*, 422 U.S. 749, 766-67 (1975).  Those regulations define declining to reopen a prior determination as an "administrative action," not a final decision, and thus such a decision is "not subject to judicial review." 20 C.F.R. § 404.903(l); *see also Califano v. Sanders*, 430 U.S. 99, 108 (1977).  As a general matter, therefore, this court lacks subject-matter jurisdiction to review the decision of the Appeals Council not to reopen the prior determination.

The sole exception to that rule is if the complaint alleges a colorable constitutional claim. *See Torres v. Sec'y of Health & Hum. Servs.*, 845 F.2d 1136, 1138 (1st Cir. 1988) ("Absent a colorable constitutional claim . . . a district court does not have jurisdiction to review the [Commissioner's] discretionary decision not to reopen an earlier adjudication."); *Smith v. Berryhill*, 139 S. Ct. 1765, 1775 (2019) (confirming the court's holding in *Sanders*); *Lefebvre v. Saul*, 411 F. Supp. 3d 173, 181 (D. Mass. 2019).  That exception does not apply here, because the complaint includes no suggestion—much less a direct allegation—that plaintiff's constitutional rights were ever infringed, either in the original 2014 determination or in the Appeals Council's more recent decision not to reopen the case.  Indeed, the bulk of the complaint is dedicated to enumerating purported errors made in the course of the 2014 determination, which was already reviewed and adjudicated by both this court and the First Circuit, rather than challenging any of the SSA's processes.

Accordingly, because the denial by the Appeals Council of plaintiff's request was an administrative action and the complaint does not state any colorable constitutional claim, this court does not have subject-matter jurisdiction over this action. It will therefore be dismissed pursuant to Fed. R. Civ. P. 12(h)(3).

## IV.    Conclusion

For the foregoing reasons, this action is DISMISSED for lack of subject-matter jurisdiction. The clerk is instructed to enter a separate order of dismissal.

**So Ordered.**

Dated: April 18, 2024

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court