UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| M.A., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN J. O'MALLEY, Commissioner of the Social Security Administration, <br><br> Defendant. | Civil Action No. <br> 24-10371-FDS |

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTIONS FOR
RECONSIDERATION AND LEAVE TO AMEND

**SAYLOR, C.J.**

Plaintiff M.A. filed this lawsuit seeking judicial review of the decision of the Social Security Administration ("SSA") Appeals Council declining to reopen his claim for benefits. On April 18, 2024, the Court dismissed the complaint for lack of subject-matter jurisdiction. Plaintiff has now moved for reconsideration of that order and for leave to file an amended complaint. For the following reasons, those motions will be denied.

**I.      Motion for Reconsideration**

Motions for reconsideration are extraordinary remedies that should be granted sparingly. *Villanueva-Mendez v. Nieves-Vazquez*, 360 F. Supp. 2d 320, 324 (D.P.R. 2005); 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 ("because of the narrow purposes for which they are intended, . . . motions [for reconsideration] typically are denied"). When faced with such motions, courts must balance the need for finality of decision against its duty to render just decisions. *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000).

In order to accommodate those competing interests, motions for reconsideration should be granted only upon a showing of (1) a "manifest error of law," (2) new evidence, or (3) a misunderstanding or other error "not of reasoning but apprehension." *Ruiz Rivera v. Pfizer Pharms.*, 521 F.3d 76, 81-82 (1st Cir. 2008). A motion for reconsideration is not a vehicle for a party to "repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." *Nat'l Metal Finishing Co. v. BarclaysAmerican/ Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990); *see also Davis*, 89 F. Supp. 2d at 147; *Villanueva-Mendez*, 360 F. Supp. 2d at 324. Nor is it a forum to highlight a point of disagreement between a litigant and the court or to vent dissatisfaction with the court's reasoning or decision. *Davis*, 89 F. Supp. 2d at 149; *Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 314 n.3 (M.D. Pa. 1994).

Plaintiff here has failed to show that reconsideration is warranted. Although he contends that the Court "committed a manifest error of law or fact," he identifies no specific error in its reasoning. Instead, he reiterates the same purported errors made by an ALJ in 2014, a decision that has already been reviewed by another session of this court and by the First Circuit. *See Arrington v. Berryhill*, 2018 WL 818044 (1st Cir. Feb. 5, 2018). As explained in the earlier order, that determination is not subject to review.

Plaintiff also asserts, for the first time, that the decision of the Appeals Council violated his constitutional right to due process by failing to provide him with a hearing on his request to reopen his application for benefits. As explained below, even if that claim were to proceed, it would be unlikely to succeed. In any event, in the context of the motion for reconsideration, the claim was not set forth in the complaint and thus is not among the limited circumstances that would warrant reconsideration. Accordingly, the motion will be denied.

## II.  Motion for Leave to Amend the Complaint

Plaintiff has also moved to amend his initial complaint in light of the Court's prior order. The proposed amendments would "reflect that the 2014 ALJ denied him right to due process," and that "the Appeal Counsel's decision on December 13, 2023, violated [his] right to due process because the reopening procedures did not afford him opportunity to have his contentions considered by some component of the SSA."  (ECF No. 13 at 2).

The Appeals Council may deny a request to reopen an application for benefits without a hearing.  *See Califano v. Sanders*, 430 U.S. 99, 108 (1977).  Moreover, the proposed amended complaint appears to allege that the Appeals Council ignored evidence submitted as part of plaintiff's earlier applications for benefits, which (plaintiff contends) denied his right to due process.  (ECF No. 13-1 at 5).  Those applications, however, have already been the subject of substantial judicial review by several federal courts, and do not concern the Appeals Council's decision at issue here.  *See Arrington*, 2018 WL 818044; *Arrington v. Soc. Sec. Admin.*, 358 F. App'x 89 (11th Cir. 2009).  In short, there is no suggestion here that "amendment would be anything other than futile." *Fire & Police Pension Ass'n of Colorado v. Abiomed, Inc.*, 778 F.3d 228, 247 (1st Cir. 2015).  Moreover, as the First Circuit has stated, the "practice of seeking leave to amend after the case has been dismissed" is "discouraged." *Id.*  Such a practice is inefficient, unfair to defendants, and burdensome to the court.  In light of those considerations, therefore, the request for leave to amend will be denied.

## III.  Conclusion

For the foregoing reasons, plaintiff's motions for reconsideration of the Court's April 18, 2024 order and for leave to file an amended complaint are DENIED.

**So Ordered.**

Dated: May 21, 2024

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

4